Gerard P. Fox (SBN 151649)
 gfox@gerardfoxlaw.com
Morgan E. Pietz (SBN 260629)
 mpietz@gerardfoxlaw.com
GERARD FOX LAW, P.C.
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile : (310) 441-4447

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST GAMES INTERACTIVE ENTERTAINMENT LLC, d/b/a KUNG FU FACTORY, and f/k/a TINY FUN STUDIOS, a California limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>GLU MOBILE INC., a Delaware corporation; KRISTEN JENNER, f/k/a KRIS KARDASHIAN, an individual; and JOHN DOES 1 to 10;<br><br>Defendants. | Case No.:  2:15-CV-8626<br><br>**COMPLAINT FOR:**<br>**(1) DIRECT COPYRIGHT INFRINGEMENT;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) BREACH OF IMPLIED CONTRACT;**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

-1-
**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff JUST GAMES INTERACTIVE ENTERTAINMENT LLC, d/b/a KUNG FU FACTORY, and f/k/a TINY FUN STUDIOS, a California limited liability company ("**Kung Fu Factory**") for its complaint against each of the defendants hereby states as follows:

## NATURE OF THE CASE

1. This is a copyright infringement and idea theft case involving work done by plaintiff Kung Fu Factory, an innovative, LA-based independent videogame developer, to develop a videogame project for the Kardashian family. At the request of Kardashians, acting through their actual or ostensible agent Brian Siegrest, and through KRISTEN JENNER f/k/a KRIS KARDASHIAN ("**Kris Jenner**"), Kung Fu Factory prepared and submitted an original proposal for the development of a Kardashian-themed social and mobile videogame. After stringing Kung Fu Factory along for months, the Kardashians ultimately claimed they were uninterested in such a project. However, in June of 2014, defendant GLU MOBILE INC. ("**Glu Mobile**") released a Kardashian-themed social and mobile videogame called *Kim Kardashian: Hollywood* that is strikingly similar to the copyrighted game proposal prepared and submitted by Kung Fu Factory. By this lawsuit, Kung Fu Factory seeks money damages and permanent injunctive relief with respect to the ongoing infringement of its copyrighted work, the theft of its valuable ideas, and fair compensation for the value it contributed to what became the *Kim Kardashian: Hollywood* videogame.

## PARTIES

2. Plaintiff Kung Fu Factory is a California limited liability company that has its principal place of business in and is a citizen of Los Angeles, California. Kung Fu Factory is a respected independent videogame developer with approximately 40 employees that has developed well-known and popular projects such as *Mortal Kombat: Unchained*, *Mortal Kombat: Armageddon*, and *UFC*

*Undisputed 2009*, among many others.  In recent years, Kung Fu Factory has also released several no. 1 mobile titles working with companies such as Nickelodeon and Cartoon Network, including *SpongeBob Moves In*, *Teenage Mutant Ninja Turtles: Rooftop Run*, and *Adventure Time: Card Wars*.  The company's latest release in July of 2015, *Card King: Dragon Wars,* was awarded Apples Editors' Choice.  "Tiny Fun Studios" was the former name of the company's mobile division.

3.  Defendant Glu Mobile is a Delaware corporation.  On information and belief, it has its principal place of business in and is a citizen of San Francisco, California and also has a satellite office in Long Beach, California.

4.  Defendant Kris Jenner is an individual who resides in, is a citizen of, and does regular business within this judicial district.  On information and belief, she resides in Hidden Hills, CA.

5.  Defendants JOHN DOES 1 to 5 (the "**Additional Infringers**") are additional unknown persons or entities, beyond Glu Mobile itself, who have violated Kung Fu Factory's exclusive copyright rights.  After discovery into what other entities or persons have been part of the *Kim Kardashian: Hollywood* chain of distribution, Kung Fu Factory will amend the complaint to include the true names of these John Doe defendants, as may be appropriate.

6.  Defendants JOHN DOES 6 to 10 (the "**Kardashians**") are individual members of the Kardashian family and/or their associated staff or entities, who, plaintiffs are informed and believe, are also responsible for the wrongful conduct alleged herein.  After discovery into who, beyond Kris Jenner, has had access to Kung Fu Factory's videogame proposal and/or contributed to the infringement and idea theft embodied in the *Kim Kardashian: Hollywood* videogame, Kung Fu Factory will amend the complaint to include the true names of these John Doe defendants, as may be appropriate.

7.  Non-party Brian Siegrest, in connection with doing certain acts alleged herein, including, among other things, receiving Kung Fu Factory's videogame pitch

-3-
**COMPLAINT AND DEMAND FOR JURY TRIAL**

and passing it along to Kris Jenner, was acting as an ostensible agent, and/or, on information and belief, as an actual agent, of the Kardashians and Kris Jenner. Mr. Siegrest intentionally or carelessly created the impression that he was an agent of the Kardashians and Kris Jenner with respect to a potential videogame project by, among other things, indicating that he had worked with the Kardashians on similar deals in the past including one for a product called SillyBandz, that the Kardashians were interested in a videogame project, and that he was authorized to accept and present Kris Jenner and the Kardashians with a videogame project pitch. Kung Fu Factory reasonably believed that Brian Siegrest was an agent of the Kardashians with respect to a videogame project, particularly in view of, among other facts, Siegrest's updates suggesting that he had presented the project to Kris Jenner and that he was working with Kris Jenner and other members of the Kardashian family towards trying to finalize a deal, the fact that Siegrest's initial contact with Kung Fu Factory came through Kung Fu Factory's own agent, and comments from others involved that Siegrest was the point person for dealing with the Kardashians as to such a project. Kung Fu Factory was harmed by relying on this belief in Siegrest's agency because, among other reasons, that belief caused Kung Fu Factory to refrain from contacting the Kardashians directly to follow up on the status of the detailed and innovative videogame proposal Kung Fu Factory had prepared for them, at substantial expense.

## JURISDICTION

8. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks) over the first two causes of action for direct and contributory copyright infringement, because both causes of action are created by and arise under federal copyright law.

9. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over the third cause of action for breach of implied contract, because

this cause of action is so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

10. This Court has personal jurisdiction over all known defendants since all known defendants are citizens of and do regular business in California, and are thus subject to the general jurisdiction of California courts. Further, the events giving rise to this lawsuit also occurred in California, such that this Court also has specific personal jurisdiction over the known defendants.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because defendant Kris Jenner resides in this judicial district, and a substantial part of the events giving rise to the claim, including Kung Fu Factory putting its team of employees and contractors to work to create the copyrighted proposal at issue, occurred in this judicial district.

12. Assignment within this judicial district to the Western Division is appropriate, because at least Kung Fu Factory, and, on information and belief, also defendant Kris Jenner, reside in the Western Division.

## COMMON FACTUAL ALLEGATIONS

**(a) Kung Fu Factory Develops Original, Copyrighted Proposal and Valuable Ideas For Potential Kardashian Social and Mobile Videogame and Submits Them to Brian Siegrest and Kris Jenner**

13. In the fall of 2011, Kung Fu Factory became aware, through Brian Siegrest contacting Kung Fu Factory's own agent, that Kris Jenner and the Kardashians were potentially interested in pursuing a social or mobile videogame project.

14. At the request of Mr. Siegrest, Kung Fu Factory set its experienced and talented videogame development team to work on preparing a proposal for such a project. The work Kung Fu Factory did involved, among other things: (1) conceiving in detail how such a game might work, who the characters would be and what they would do, what the gameplay might be like, including how it could be

integrated into social media such as Twitter and facebook on put on platforms such as Android and iOS devices; (2) designing and authoring an original, overall look and feel for the game's graphical user interface; (3) mocking up a particular creative take on a character customization tool; and (4) drawing and authoring various 2-d artwork assets for use in the game, such as artistic depictions of locations where gameplay would occur, and an artistic vision for how Kim, Khloe and Kourtney Kardashian would be depicted as characters.

15. Kung Fu Factory, operating through its mobile/social gaming division, formerly known as Tiny Fun Studios, completed a proposal to Kris Jenner and the Kardashians in the form of a slide presentation, dated October 2011, that was provided to Brian Siegrest. Kung Fu Factory has completed an application for copyright registration as to this slide presentation, in that it has submitted the completed application form to the Copyright Office, has paid the applicable registration fee, and has deposited a copy thereof with the Library of Congress.

16. On information and belief, as indicated by Siegrest's contemporaneous statements, Siegrest presented Kung Fu Factory's October 2011 slide presentation to Kris Jenner at some point in or after October 2011.

17. In addition to the slide presentation itself, Kung Fu Factory also shared with Brian Siegrest more detailed thoughts about the concept for the gameplay and integration into social and mobile media platforms.

18. After Kung Fu Factory submitted its slide presentation to Siegrest and Kris Jenner, and provided Mr. Siegrest with many valuable ideas about the game based on Kung Fu Factory's experience in the videogame industry, several months went by, during which time Siegrest occasionally suggested that Kris Jenner and the Kardashians were still considering the project and had not made a decision.

/ /

-6-
**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(b)   Kung Fu Factory Learns Kardashian Project is Dead But Siegrest Conceals Ongoing Further Communications**

19.   After doing a substantial amount of work on the Kardashian videogame proposal, and then being strung along for months, Kung Fu Factory learned from Ryan Detert, an associate who had worked closely with Brian Siegrest on certain projects including the Kardashian videogame deal, that the Kardashian deal was supposedly "dead."

20.   On information and belief, that was false, and Brian Siegrest may even have intended to use Ryan Detert to convey a false message; in reality, even after Kung Fu Factory was informed that the Kardashian deal was supposedly dead, Brian Siegrest continued to have further discussions with Kris Jenner and/or the Kardashians about a videogame project along the lines of what Kung Fu Factory had proposed, but Brian Siegrest concealed these further discussions from Kung Fu Factory.

21.   As a result of Kung Fu Factory being told that the Kardashian videogame project was dead, and Brian Siegrest's concealment of his ongoing communications with, on information and belief, Kris Jenner and/or the Kardashians, Kung Fu Factory did not suspect and it would have been difficult if not impossible for it to detect that their valuable original authorship and ideas had been misappropriated until they learned of the release of the *Kim Kardashian: Hollywood* game by Glu Mobile and the Additional Infringers in June of 2014 and saw that it was strikingly similar to their own, previously-submitted videogame proposal.

**FIRST CAUSE OF ACTION**

**Direct Copyright Infringement**

**By Kung Fu Factory Against Glu Mobile and the Additional Infringers**

22.   All of the foregoing paragraphs are incorporated here by reference.

23.   Kung Fu Factory's presentation to Kris Jenner and the Kardashians is an original, creative work that constitutes copyrightable subject matter under the

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Copyright Act, 17 U.S.C. § 101 et seq.

24. Kung Fu Factory has secured the exclusive rights and privileges in and to the above-referenced copyrighted work by fully completing an application to register the work with the Register of Copyrights. At all relevant times, Kung Fu Factory has owned all applicable rights, title and interest in and to this copyrighted work.

25. By their actions alleged above, Glu Mobile and the Additional Infringers have infringed and will continue to infringe Kung Fu Factory's copyright in the Kardashian videogame presentation, by, among other things, copying, publicly displaying, and distributing the *Kim Kardashian: Hollywood* videogame, which is substantially similar to and derived from Kung Fu Factory's copyrighted presentation, without any authorization or other permission from Kung Fu Factory. Thus, Glu Mobile and the Additional Infringers are violating Kung Fu Factory's exclusive rights under 17 U.S.C. § 106.

26. On information and belief, Glu Mobile and the Additional Infringers had access to Kung Fu Factory's copyrighted presentation via Kris Jenner and/or other Kardashians, who received it from Brian Siegrest.

27. On information and belief, Glu Mobile and the Additional Infringers' infringement of Kung Fu Factory's copyright has been deliberate, willful and in utter disregard of Kung Fu Factory's rights.

28. Glu Mobile and the Additional Infringers have realized unjust profits, gains and advantages as a proximate result of their infringement, and will continue to realize unjust profits, gains and advantages as a proximate result of their infringement as long as such infringement is permitted to continue.

29. As a direct and proximate result of Glu Mobile and the Additional Infringers' willful copyright infringement, Kung Fu Factory has suffered, and will continue to suffer actual damages. Kung Fu Factory is entitled to its actual damages and any gains, profits, and advantages obtained by Glu Mobile and the Additional

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Infringers as a result of their acts of infringement and use and publication of the copied materials, 17 U.S.C. § 504(b), in an amount to be proven at trial.

30. Kung Fu Factory has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, and Glu Mobile and the Additional Infringers will continue to engage in their wrongful conduct and Kung Fu Factory will continue to suffer irreparable injury that cannot be adequately remedied at law unless Glu Mobile and the Additional Infringers are enjoined from engaging in any further such acts of infringement. Kung Fu Factory is entitled to an injunction restraining Glu Mobile and the Additional Infringers from engaging in any further such acts in violation of the United States copyright laws, 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

### By Kung Fu Factory Against Kris Jenner and the Kardashians

31. All of the foregoing paragraphs are incorporated here by reference.

32. Kris Jenner and the Kardashians knew or had reason to know that Glu Mobile and, on information and belief, the Additional Infringers' copying, distribution, and making available of *Kim Kardashian: Hollywood* would be infringing, by virtue of Kris Jenner's receipt (via Brian Siegrest) of the proposal from Kung Fu Factory.

33. On information and belief, Kris Jenner and the Kardashians materially contributed to the infringement by Glu Mobile insofar as they copied key aspects of Kung Fu Factory's proposal, which they then had integrated into *Kim Kardashian: Hollywood* game by Glu Mobile.

34. As a direct result of Kris Jenner and the Kardashians' contribution to direct infringement, Kung Fu Factory was damaged in an amount to be proven at trial.

/ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

# THIRD CAUSE OF ACTION

## Breach of Implied Contract

## By Kung Fu Factory Against Kris Jenner and the Kardashians

35. All of the foregoing paragraphs are incorporated here by reference.

36. Kung Fu Factory prepared work for Kris Jenner and the Kardashians, in the form of a videogame proposal and related discussions, and submitted its ideas to them via Brian Siegrest.

37. The circumstances were such that it can be reasonably concluded that Kris Jenner and the Kardashians voluntarily accepted the submission. Specifically, Siegrest indicated to Kung Fu Factory that he passed plaintiff's proposal along to Kris Jenner and that it was being considered.

38. Further, it is a common custom and practice in the videogame industry among independent game developers to prepare and submit videogame proposals, on the expectation that if the submitted ideas are used, the person or entity that prepared the proposal would justifiably expect to receive a share of the profits derived from such use.

39. On information and belief, Kris Jenner and the Kardashians understood that if they used the ideas submitted by Kung Fu Factory, then they were obligated to compensate Kung Fu Factory with a share of the profits for the project. Specifically, Kris Jenner and the Kardashians had such an understanding because they are familiar with the business side of the entertainment industry generally and with reality TV show pitches in particular, and because their agent Brian Siegrest was provided with details of potential profit splits for the videogame project at issue here and tasked with ironing out the details.

40. Accordingly, under the doctrine from *Desny v. Wilder*, 46 Cal. 2d 715, 299 P.2d 257 (1956), Kung Fu Factory had an implied in fact contract with Kris Jenner and the Kardashians as to Kung Fu Factory's submission of ideas. Specifically, under this implied contract, if Kung Fu Factory's ideas were used by

Kris Jenner and/or the Kardashians, then they were obligated to pay Kung Fu Factory a share of the profits derived from use of its ideas.

41. Kung Fu Factory discovered that its ideas had indeed been used by Kris Jenner and the Kardashians as of June 2014, when *Kim Kardashian: Hollywood* was released. However, Kris Jenner and the Kardashians have not paid Kung Fu Factory for these ideas at all. Accordingly, Kris Jenner and the Kardashians are in breach of the implied contract.

42. Kung Fu Factory has been damaged by Kris Jenner and the Kardashian's breach of the implied contract in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

Accordingly, Kung Fu Factory hereby prays for judgment in its favor as to all causes of action and the following relief:

A. General, special, and consequential damages on all causes of action, in an amount of at least ten million dollars, as according to proof at trial;

B. Costs on all causes of action;

C. Permanent and temporary injunctive relief to enjoin any further copyright infringement or idea theft, on all causes of action;

D. For an accounting of profits;

E. For a constructive trust;

F. For such other relief as may be just and proper, as conforms to proof.

/ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Respectfully submitted,

DATED: November 4, 2015                GERARD FOX LAW, P.C.

                                                  */s/ Gerard P. Fox*

                                                  Gerard P. Fox
                                                  Morgan E. Pietz

                                                  *Attorneys for Plaintiff*
                                                  *JUST GAMES INTERACTIVE*
                                                  *ENTERTAINMENT LLC,*
                                                  *d/b/a KUNG FU FACTORY, and*
                                                  *f/k/a TINY FUN STUDIOS,*
                                                  *a California limited liability company*

### *DEMAND FOR JURY TRIAL*

Plaintiff herby demands a jury trial pursuant to Fed. R. Civ. P. 38

Respectfully submitted,

DATED: November 4, 2015                GERARD FOX LAW, P.C.

                                                  */s/ Gerard P. Fox*

                                                  Gerard P. Fox
                                                  Morgan E. Pietz

                                                  *Attorneys for Plaintiff*
                                                  *JUST GAMES INTERACTIVE*
                                                  *ENTERTAINMENT LLC,*
                                                  *d/b/a KUNG FU FACTORY, and*
                                                  *f/k/a TINY FUN STUDIOS,*
                                                  *a California limited liability company*

**COMPLAINT AND DEMAND FOR JURY TRIAL**