1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
   555 Twin Dolphin Dr., 5th Floor
3  Redwood Shores, California  94065
   Telephone:   (650) 801-5000
4  Facsimile:    (650) 801-5100

5    Joseph M. Paunovich (Bar No. 228222)
     joepaunovich@quinnemanuel.com
6  865 South Figueroa Street, 10th Floor
   Los Angeles, CA  90017-2543
7  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

8  *Attorneys for Defendant GLU MOBILE*
9  *INC.*

10             UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                 WESTERN DIVISION

| | |
|---|---|
| 13 JUST GAMES INTERACTIVE<br>ENTERTAINMENT LLC, d/b/a<br>14 KUNG FU FACTORY, and f/k/a<br>TINY FUN STUDIOS, a California<br>15 limited liability company;<br><br>16                Plaintiff,<br><br>17       vs.<br><br>18 GLU MOBILE INC., a Delaware<br>corporation; KRISTEN JENNER,<br>19 f/k/a KRIS KARDASHIAN, an<br>individual; and JOHN DOES 1 to<br>20 10;<br><br>21                Defendants. | CASE NO. 2:15-cv-08626<br><br>**DEFENDANT GLU MOBILE INC.'S<br>NOTICE OF MOTION AND MOTION<br>TO DISMISS PLAINTIFF'S<br>COPYRIGHT CLAIM PURSUANT TO<br>RULE 12(b)(6)**<br><br>[Memorandum of Points and Authorities;<br>Request for Judicial Notice; Declaration of<br>Joseph M. Paunovich; Notice of Lodging<br>and [Proposed] Order filed concurrently<br>herewith]<br><br>Hearing Date: February 29, 2016<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Ctrm. 15, Spring St.<br>Judge: Honorable Percy Anderson |

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, on February 29, 2016, at 1:30 p.m., in Courtroom 15 of the United States District Court for the Central District of California, located at 312 North Spring Street in Los Angeles, California, Defendant Glu Mobile Inc. will and hereby does move this Court for an order dismissing Plaintiffs' Complaint in its entirety, with prejudice.

The Motion will seek dismissal of Plaintiffs' Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a claim against Glu Mobile on which relief can be granted, because Plaintiff is unable to demonstrate substantial similarity between its slide presentation and Glu Mobile's game *Kim Kardashian: Hollywood*.  This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the concurrently-filed Request for Judicial Notice; the concurrently-filed Declaration of Joseph M. Paunovich; and such additional evidence and argument as may be presented at or before the hearing on this matter.

This Motion is made following conferences of counsel pursuant to Local Rule 7-3, which took place on December 17, 2015.

DATE:  January 27, 2016              QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By  */s/ Claude M. Stern*
                                         Claude M. Stern
                                         Attorney for Glu Mobile Inc.

## **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

PRELIMINARY STATEMENT ......................................................................... 1

FACTUAL BACKGROUND ............................................................................. 2

LEGAL STANDARD ........................................................................................ 3

ARGUMENT ..................................................................................................... 4

I.  THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR
    COPYRIGHT INFRINGEMENT .......................................................... 4

     A.  Just Games Cannot Show Substantial Similarity Between Its
         Static Slide Presentation and the Game *Kim Kardashian:
         Hollywood* .................................................................................... 5

          1.  Plaintiff Cannot Rely on Non-Protectable Features of Its
              Slide Presentation to Demonstrate Substantial Similarity ........... 6

               (a)  Ideas Are Not Protectable ............................................ 6

               (b)  A Person's Likeness is Not Protectable ......................... 8

          2.  Plaintiff Cannot Demonstrate Substantial Similarity
              Because Its Slide Presentation Contains Few, If Any of the
              Features Necessary For Application of the Extrinsic Test ........... 8

               (a)  Plot ................................................................................. 12

               (b)  Theme ............................................................................. 13

               (c)  Dialogue ......................................................................... 17

               (d)  Mood ............................................................................... 17

               (e)  Setting ............................................................................. 18

               (f)  Pace ................................................................................. 20

               (g)  Characters ....................................................................... 21

               (h)  Sequence of Events ........................................................ 21

II.  JUST GAMES' COPYRIGHT CLAIM SHOULD BE DISMISSED
     WITH PREJUDICE BECAUSE AMENDMENT WOULD BE
     FUTILE ................................................................................................. 23

CONCLUSION ................................................................................................ 24

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Apple Computer, Inc. v. Microsoft Corp.*,
 35 F.3d 1435 (9th Cir. 1994) ............................................................... 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................... 3, 4, 9

*Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*,
 672 F.2d 607 (7th Cir. 1982) .............................................................. 22

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................... 3, 4, 9

*Benay v. Warner Bros. Entm't, Inc.*,
 607 F.3d 620 (9th Cir. 2010) ............................................................... 8

*Bernal v. Paradigm Talent & Literary Agency*,
 788 F. Supp. 2d 1043 (C.D. Cal. 2010) ............................................... 13

*Bethea v. Burnett*,
 2005 WL 1720631 (C.D. Cal. June 28, 2005) ......................................... 9

*Briggs v. Blomkamp*,
 70 F. Supp. 3d 1155 (N.D. Cal. 2014) .................................................. 14

*Campbell v. Walt Disney Co.*,
 718 F. Supp. 2d 1108 (N.D. Cal. 2010) ................................................ 23

*Capcom Co., Ltd. v. MKR Group, Inc.*,
 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) ........................... 15, 23, 24

*Cavalier v. Random House*,
 297 F.3d 815 (9th Cir. 2002) .......................... 4, 6, 7, 8, 18, 19, 20, 23

*Chade-Riboud v. Dreamworks, Inc.*,
 987 F. Supp. 1222 (C.D. Cal. 1997) ...................................................... 9

*Christianson v. West Publ'g Co.*,
 149 F.2d 202 (9th Cir. 1945) ............................................................... 4

*Colling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc.*,
 777 F.2d 485 (9th Cir. 1985) ............................................................... 7

*Data East USA, Inc. v. Epyx, Inc.*,
 862 F.2d 204 (9th Cir. 1988) ........................................................ 7, 22

*Downing v. Abercrombie & Fitch*,
 265 F.3d 994 (9th Cir. 2001) ............................................................... 8

*DuckHole Inc. v. NBC Univ. Media LLC*,
  2013 WL 5797279 (C.D. Cal. Sept. 6, 2013) .......................................... 14, 19, 23

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ...................................................................... 4

*Erickson v. Blake*,
  839 F. Supp. 2d 1132 (D. Or. 2012) ........................................................... 5

*Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.*,
  499 U.S. 340 (1991) ............................................................................... 4, 7

*Frybarger v. International Business Machines Corp.*
  812 F.2d 525 (1987) ..................................................................... 6, 7, 14, 19

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
  462 F.3d 1072 (9th Cir. 2006) ...................................................... 5, 9, 13, 14

*Gilbert v. New Line Prods., Inc.*,
  2010 WL 5790628 (C.D. Cal. Aug. 13, 2010) ............................... 8, 13, 22

*Globe Int'l, Inc. v. Nat'l Enquirer, Inc.*,
  1999 WL 727232 (C.D. Cal. Jan. 25, 1999) .............................................. 19

*Harper & Row Publishers, Inc. v. Nation Enters.*,
  471 U.S. 539 (1985) .................................................................................. 19

*Incredible Techs., Inc. v. Virtual Techs., Inc.*,
  400 F.3d 1007 (7th Cir. 2005) .................................................................. 14

*Kennedy v. Paramount Pictures Corp.*,
  2013 WL 1285109 (S.D. Cal. March 27, 2013) ......................................... 15

*Kouf v. Walt Disney Pictures & Television*,
  16 F.3d 1042 (9th Cir. 1994), .................................................................. 5, 6

*Motschenbacher v. R.J. Reynolds Tobacco Co.*,
  498 F.2d 821 (9th Cir. 1974) ...................................................................... 8

*Olson v. Nat'l Broad. Co.*,
  855 F.2d 1446 (9th Cir. 1988) .............................................................. 17, 20

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2006) .............................................................. 6, 18

*Rosenfeld v. Twentieth Century Fox Film*,
  2009 WL 212958 (C.D. Cal. Jan. 28, 2009) .............................................. 19

*Shame On You Productions, Inc. v. Elizabeth Banks*,
  2015 WL 4885221 (C.D. Cal. Aug. 14, 2015) ..... 12, 13, 14, 17, 18, 19, 20, 22, 23

*Toney v. L'Oreal USA Inc.*,
  406 F.3d 905 (7th Cir. 2005) ...................................................................... 8

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)

*Zella v. E.W. Scripps Co.,*
    529 F. Supp. 2d 1124 (C.D Cal. 2007)....................................................4, 5, 15, 23

### **Statutes**

17 U.S.C. § 102(b) .........................................................................................7

### **Miscellaneous**

M. Nimmer, Nimmer on Copyright (Matthew Bender, Rev. Ed. 2013) .............5, 6, 8

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

*Kim Kardashian: Hollywood* is a popular and successful social videogame created by Defendant Glu Mobile Inc. ("Glu"), that is available on several platforms including the Apple App Store, Google Play, the Amazon Appstore, and Facebook. It was built as a new skin on top of two prior games created by Glu, *Stardom: The A-List*, released in December 2011, and *Stardom: Hollywood*, released in February 2013.  Despite indisputable similarities between *Kim Kardashian: Hollywood* and its predecessor *Stardom* games—in everything from theme, objective, and storyline, to identical writing and dialogue in some cases—Plaintiff Just Games Interactive Entertainment LLC d/b/a Kung Fu Factory and f/k/a Tiny Fun Studios ("Plaintiff") has accused Glu of copyright infringement.  Plaintiff's copyright claim is not based on allegations of source code misappropriation, its development of a rival game, or even another videogame at all.  It is instead based on a conceptual and static *slide presentation*, purportedly depicting a generic *idea* for a videogame somehow involving the Kardashian sisters, which Plaintiff alleges was sent to Defendant Kris Jenner but not Glu.

Plaintiff's copyright claim fails as a matter of law and should be dismissed. Plaintiff is unable to point to any substantial similarity between the protectable elements of its slide presentation and the game *Kim Kardashian: Hollywood*. Plaintiff's static slide presentation has no protectable plot, theme, dialogue, mood, setting, pace, characters, or sequence of events, and thus Plaintiff's claim fails the "extrinsic test" of substantial similarity applied in the Ninth Circuit.  Moreover, Plaintiff's "idea" for a Kardashian videogame is also expressly excluded from protection under the Copyright Act.  The Kardashian sisters' likenesses are similarly unprotectable.  Consequently, Plaintiff cannot demonstrate substantial similarity as a

matter of law, any amendment would be futile, and the Court should dismiss Plaintiff's copyright claim with prejudice.

### Factual Background

Plaintiff alleges it learned that the Kardashians were potentially interested in a videogame project allegedly from a non-party individual named Brian Siegrist.[1] Siegrist allegedly requested that Plaintiff prepare a videogame proposal.  The complaint alleges further—without attaching the copyrighted work—that Kung Fu Factory prepared such a proposal, "(1) conceiving in detail how such a game might work, who the characters would be and what they would do, what the gameplay might be like, including how it could be integrated into social media such as Twitter and [F]acebook [and] put on platforms such as Android and iOS devices; (2) designing and authoring an original, overall look and feel for the game's graphical user interface; (3) mocking up a particular creative take on a character customization tool; and (4) drawing and authoring various 2-d artwork assets for use in the game, such as artistic depictions of locations where gameplay would occur, and an artistic vision for how Kim, Khloe and Kourtney Kardashian would be depicted as characters."  Compl. ¶ 14.

Plaintiff maintains that Siegrist sent this proposal to Kris Jenner in October 2011, in the form of a conceptual and static slide presentation,  Ex. A,[2]  and further maintains that it has recently applied to register this static slide presentation with the Copyright Office.  Compl. ¶ 15.  Plaintiff alleges that it shared "more detailed thoughts about the *concept* for the gameplay and integration into social and mobile

---

[1]   Although Plaintiff's complaint mistakenly refers to "Brian Siegrest," *see, e.g.*, Complaint ¶ 7, documents provided to Glu by Just Games show that his name is correctly spelled "Siegrist."

[2]   Citations to "Ex.__" refer to the exhibits to the concurrently filed Declaration of Joseph M. Paunovich.

media platforms" with Brian Siegrist, but does not allege that these concepts were communicated to Glu.  Compl. ¶ 17 (italics added).  Plaintiff asserts that after several months of "being strung along" by Siegrist, Plaintiff learned from Ryan Detert, an associate of Siegrist's, that the videogame project with the Kardashian's "was supposedly 'dead.'"  Compl. ¶¶ 18-19.

The complaint goes on to assert that Siegrist "in reality" continued to discuss a videogame project with Kris Jenner, but that Siegrist concealed the additional discussions from Plaintiff.  Compl. ¶ 20.  Consequently, Plaintiff maintains that it was unaware that the allegedly "valuable original authorship and ideas" from its static slide presentation "had been misappropriated until [it] learned of the release of the *Kim Kardashian: Hollywood* game by Glu Mobile … in June of 2014."  Compl. ¶ 21.  The complaint does not name Siegrist or Detert as defendants, instead alleging a claim for copyright infringement against Glu, a claim for contributory copyright infringement against Jenner, and a breach of implied contract claim against Jenner and unidentified members of the Kardashian family.

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  It requires "more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotation marks and citation omitted).

Furthermore, "mere conclusory statements" or "legal conclusions" do not suffice – "they must be supported by factual allegations." *Id.* at 678-79. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim") (citation omitted). As the Supreme Court has suggested, a district court should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

## <u>Argument</u>

## I. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR COPYRIGHT INFRINGEMENT

In order to state a claim for copyright infringement, Plaintiff must show "'(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'" *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1132 (C.D Cal. 2007) (quoting *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991)). The second prong requires Plaintiff "to allege that 'the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements.'" *Id.* (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)).

Because Plaintiff is unable to show substantial similarity between its conceptual, static slide presentation and the game *Kim Kardashian: Hollywood* as a matter of law, Plaintiff fails to state a claim for copyright infringement and dismissal is warranted under Rule 12(b)(6). *See Christianson v. West Publ'g Co.*, 149 F.2d

-4-

202, 203 (9th Cir. 1945) (copyright "non-infringement can be determined on a motion to dismiss"); *see also Zella*, 529 F. Supp. 2d at 1130-31 (citing cases and holding that substantial similarity may be decided on a motion to dismiss); *Erickson v. Blake*, 839 F. Supp. 2d 1132, 1135-40, 1141 (D. Or. 2012) (noting that "[w]hether there is sufficient objective similarity … may be decided by the court as a matter of law on a motion to dismiss" and granting motion to dismiss copyright claim for lack of substantial similarity).[3]

**A.    Just Games Cannot Show Substantial Similarity Between Its Static Slide Presentation and the Game *Kim Kardashian: Hollywood***

When addressing substantial similarity as a matter of law, courts in the Ninth Circuit apply the objective "extrinsic test." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076-77 (9th Cir. 2006). "The extrinsic test focuses on 'articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events' in the two works." *Id.* at 1077 (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1044 (9th Cir.

------------

[3]    Although "[o]rdinarily, both the plaintiff's and defendant's works are attached to, and regarded as, part of the pleadings," (3 M. Nimmer, Nimmer on Copyright § 12.10[B][3] (Matthew Bender, Rev. Ed. 2013)), Plaintiff did not attach either to its complaint.  Nonetheless, in assessing substantial similarity on a motion to dismiss under Rule 12(b)(6), this Court "may consider documents which are not physically attached to the complaint but whose contents are alleged in the complaint and whose authenticity no party questions," including video of the allegedly infringing work. *Zella*, 529 F. Supp. 2d at 1128 (internal quotation omitted).  In addition, "Ninth Circuit law permits the Court to consider documents not specifically incorporated by reference" where, as here, "the plaintiff's claim depends on the contents of the document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id.* at 1131 (internal quotation omitted).  Glu has attached both the copyrighted slide presentation, and its own registration deposit for *Kim Kardashian: Hollywood* to this motion.  Ex. A, B.

1994)).  However, in applying the extrinsic test, courts may look only to whether "the *protectable elements, standing alone*, are substantially similar," and accordingly must "filter out and disregard the non-protectable elements in making [a] substantial similarity determination."  *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir. 2002) (internal quotation omitted).

Giving Plaintiff the benefit of doubt, the only arguable similarities between Plaintiff's static slide presentation and Glu's game *Kim Kardashian: Hollywood* are the underlying, non-protectable *conceptual idea* of a Kardashian videogame, and the non-protectable use of the Kardashian sisters' likenesses.  Neither ideas nor likenesses are protectable under the Copyright Act and once they are properly disregarded, Plaintiff has no basis on which to show substantial similarity.  "When similar works resemble each other only in … unprotected aspects, then defendant prevails."  4 Nimmer on Copyright § 13.03[B][2][a] .

### 1.   Plaintiff Cannot Rely on Non-Protectable Features of Its Slide Presentation to Demonstrate Substantial Similarity

In order to demonstrate substantial similarity, Plaintiff must demonstrate similarity in the actual expression of ideas, rather than conceptual ideas themselves. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2006); *Kouf*, 16 F.3d at 1045. In particular, substantial similarity is lacking where the similarity between works is "inherent in ideas … or in expression that is not proprietary to the plaintiff."  4 Nimmer on Copyright § 13.03[B][2][a].  The purported underlying idea in Just Games' static slide presentation—a videogame having something to do with the Karadashians—is plainly not protectable under the Copyright Act, and the Kardashian sisters' likenesses are neither protectable, nor proprietary to Plaintiff.

### (a)   Ideas Are Not Protectable

As the Ninth Circuit explained in *Frybarger v. International Business Machines Corp.*, "[t]hose features of [a plaintiff's] work[] that are *ideas* are not

-6-

protected … against even directly copied identical ideas in [a defendant's] works."
812 F.2d 525, 529 (italics added).    This is because the Copyright Act expressly
excludes ideas underlying a work of authorship from copyright protection.  17
U.S.C. § 102(b) (copyright protection does not "extend to any idea … regardless of
the form in which it is described, explained, illustrated, or embodied in" an original
work of authorship); *see also Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499
U.S. 340, 344-45 (1991) ("The most fundamental axiom of copyright law is that no
author may copyright his ideas…." (internal quotation and alteration omitted);
*Colling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 491 (9th Cir.
1985) ("Copyright law never protects the … ideas contained in published works.").
Accordingly, the Ninth Circuit in *Frybarger* held that two video games exhibiting
"numerous similar features" were not substantially similar because "each of the
similar features constitutes a basic idea of the videogames."  812 F.2d at 529-30.

    Plaintiff's complaint demonstrates that this case at its core is about non-
protectable conceptual ideas, as it identifies Plaintiff's copyrighted work as
"valuable ideas" and even labels this case an "idea theft case."  Compl. ¶ 1, 12
("Kung Fu Factory did not suspect … that their valuable original authorship *and
ideas* had been misappropriated until they learned of the release of the *Kim
Kardashian: Hollywood* game …." (emphasis added)); *see also id.* ¶¶ 1, 6, 18, 21,
36, 38, 39, 40, 41 (referencing Plaintiff's "ideas").  Because the idea for a
Kardashian videogame is not copyrightable; any similarity between the idea
underlying Plaintiff's conceptual, static slide presentation and the game *Kim
Kardashian: Hollywood* may not be used to demonstrate substantial similarity.
*Cavalier*, 297 F.3d at 822; *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 208 (9th
Cir. 1988) ("[t]o the extent the similarities between plaintiff's and defendant's
works are confined to ideas and general concepts, these similarities are
noninfringing.").

### (b)   A Person's Likeness is Not Protectable

It is similarly well-established that a "person's name or likeness is not a work of authorship within the meaning of [the Copyright Act]," and is therefore non-protectable.   *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001); *see also Toney v. L'Oreal USA Inc.*, 406 F.3d 905, 908-10 (7th Cir. 2005) ("A person's likeness—her persona—is not authored and it is not fixed" and therefore is not copyrightable."); 1 Nimmer on Copyright § 1.01[B][1][c] (a "persona, i.e., the name and likeness of a celebrity or other individual … is not a 'work of authorship under the [Copyright] Act"). Plaintiff may not rely on the use of the Kardashian sisters' likenesses in both its static slide presentation and the game *Kim Kardashian: Hollywood* in order to demonstrate substantial similarity. Even if the idea for using the Kardashian sisters' likenesses were copyrightable, Plaintiff does not have a proprietary interest in their likenesses to demonstrate substantial similarity. *See Motschenbacher v. R.J. Reynolds Tobacco Co.*, 498 F.2d 821, 825-26 (9th Cir. 1974) (an individual has a "proprietary interest in his own identity").

### 2.   Plaintiff Cannot Demonstrate Substantial Similarity Because Its Slide Presentation Contains Few, If Any of the Features Necessary For Application of the Extrinsic Test

Once the underlying conceptual idea for a video game involving the Kardashians as well as the use of the Kardashian sisters' likenesses are properly disregarded, *Cavalier*, 297 F.3d at 822, "the remaining similarities are insufficient to overcome the differences in order to satisfy the extrinsic test," *Gilbert v. New Line Prods., Inc.*, 2010 WL 5790628, at *9 (C.D. Cal. Aug. 13, 2010). Plaintiff would have to show articulable similarities between the "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" in its static slide presentation— which contains little, if any, protectable expressive content—and the game *Kim Kardashian: Hollywood*. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010). "Protectable expression includes the specific detail of an

author's rendering of ideas.  However, scenes a faire, which flow naturally from generic plot-lines, are not protectable." *Funky Films*, 462 F.3d at 1077.  "Scenes a faire are incidents, characters, or setting which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." *Chade-Riboud v. Dreamworks, Inc.*, 987 F. Supp. 1222, 1227 (C.D. Cal. 1997).  Like Plaintiff's non-protectable idea and Kardashian likenesses discussed above, "[s]cenes-a-faire must be filtered out of any analysis of substantial similarity." *Id.*

Here, Plaintiff's slide presentation is devoid of any plot, themes, dialogue, mood, setting, pace, or sequence of events and the complaint fails to articulate any specific similarity between the presentation and the game *Kim Kardashian: Hollywood*.  As a matter of law, "it is the [p]laintiffs' burden to identify the sources of the alleged similarity between" its work and the allegedly infringing work. *Bethea v. Burnett*, 2005 WL 1720631, at *10 (C.D. Cal. June 28, 2005); *see Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) ("The plaintiff must identify the *source(s)* of the alleged similarity between his work and the defendant's work.").  Plaintiff's complaint offers only the legal conclusion that the game *Kim Kardashian: Hollywood* "is substantially similar to and derived from Kung Fu Factory's presentation."  Compl. ¶ 25.  Such legal conclusions are plainly inadequate to state a claim for relief under *Twombly* and *Iqbal*, and Plaintiff's copyright claim should be dismissed on this ground alone.  556 U.S. at 678-79.

Moreover, Plaintiff cannot cure this defect by amending its complaint since the static slide presentation simply has no plot, theme, dialogue, mood, pace, or sequence of events.  Of the sixteen slides in Plaintiff's presentation, three of them contain no expressive content supporting substantial similarity whatsoever:

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17



18
19

Ex. A at 1 (Slide 1), 3 (Slide 3), 16 (Slide 16).

20          And of the slides that, giving Plaintiff the benefit of the doubt, arguably

21  contain expressive content, none exhibit the features required for application of the

22  extrinsic test.  The presentation is labeled "Art work / Mockups" and states that

23  "[n]one of this artwork is final!"

24
25
26
27
28

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)



Ex. A at 2 (Slide 2), 4 (Slide 4).

The remaining slides depict the interior and exterior of a real clothing store,





Ex. A at 8 (Slide 8), 9 (Slide 9), customization options to change the Kardashian sisters' appearance,





-11-

1 Ex. A at 10 (Slide 10), 11 (Slide 11), and purported mockups of interfaces on

2 Facebook and an iPad,




11 Ex. A at 13 (Slide 13), 14 (Slide 14).  Thus, at best, of the characteristics relevant to

12 the extrinsic test for substantial similarity, Plaintiff's slide presentation exhibits only

13 characters (the Kardashian sisters) and a single setting (a clothing store).

14      To the extent Plaintiff argues that there is a discernible plot, theme, dialogue,

15 mood, setting, pace, characters, or sequence of events, the presentation bears no

16 resemblance to the game *Kim Kardashian: Hollywood*.  Any arguable similarities

17 that do exist are either outweighed by the dramatic differences between the works,

18 *see Shame On You Productions, Inc. v. Elizabeth Banks*, 2015 WL 4885221, at *30

19 (C.D. Cal. Aug. 14, 2015) (holding that two works were not substantially similar as

20 a matter of law "despite isolated similarities"), or unprotectable scenes a faire,

21 which cannot demonstrate substantial similarity.

22                    **(a)    Plot**

23      Plaintiff's static slide presentation purports to depict an idea for a videogame

24 in which the user apparently plays as the Kardashian sisters, and has the ability to

25 customize their appearance through options that include visiting a clothing store.

26 Ex. A.  In contrast, the *Kim Kardashian: Hollywood* game involves creation of one's

27 own character—i.e., the user does *not* play as Kim Kardashian—with a clear

28

objective of reaching the "A-List" in a fictional Hollywood world.  Ex. B.  In order to achieve this objective, players must get projects, complete jobs, go on dates, and gain fame and experience through interaction with non-player characters (NPCs). Ex. B.  Each of these intermediate tasks in *Kim Kardashian: Hollywood* contributes to the player's fame milestones, which culminate at the A-List.

The *Kim Kardashian: Hollywood* game thus has a complex plot that must be considered against any rudimentary-at-best plot in Plaintiff's slide presentation. Such differences in plot complexity weigh against substantial similarity.  *See, e.g.*, *Gilbert*, 2010 WL 5790628, at *5.  Moreover, "[t]he Ninth Circuit has repeatedly held that 'general plot ideas are not protected by copyright law."  *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1064  (C.D. Cal. 2010) (holding dissimilar two works, both involving "the death of a woman who lives in a suburban neighborhood, a leading man who comes to the neighborhood with a mysterious past, and a leading female character who is romantically involved with the leading man"); *see also Funky Films*, 462 F.3d at 1081 (plot similarities "[a]t a very high level of generality … are not protected by copyright law.").  Thus, even if there were any general similarities in plot that could be discerned from comparing Plaintiff's static slide presentation with the *Kim Kardashian: Hollywood* game, they would be insufficient to support a determination of substantial similarity.  *See, e.g.*, *Shame On You*, 2015 WL 4885221, at *17.

**(b)   Theme**

Plaintiff is likewise unable to demonstrate substantial similarity in theme. The overarching theme of the *Kim Kardashian: Hollywood* game is celebrity, or "making it" in a fictional Hollywood world by achieving A-List status.  No such theme may be gleaned from Plaintiff's static slide presentation, which lacks any thematic clue.  While no theme is apparent from Plaintiff's presentation, the slides themselves emphasize only customization of the Kardashian sisters' appearance.

*See* Ex. A at 4 ("We will work together and collaborate to finalize every feature — eyes, lips, hair, accessories, colors, etc."), *id.* at 10-12 (depicting "customization screens").   The *Kim Kardashian: Hollywood* game also allows players to customize their character's appearance, Ex. B (2:02-3:13)—*not* the Kardashian sisters' appearance—and it is not nearly so central to the game that it could be considered thematic.  Rather, customization of a player's character in *Kim Kardashian: Hollywood* is specific to the player's task, for example, customizing dress for a photo shoot.  *Id.* (1:27-1:34, 2:02-3:13, 4:35-5:11).

Even if customization of a character's appearance were somehow thematic, it is a non-protectable, generic concept.  *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1167 (N.D. Cal. 2014) ("What is not protectable are 'basic plot ideas for stories' or other generic concepts.") (quoting *Funky Films*, 462 F.3d at 1077). Customization of clothing and appearance is an indispensable feature in games involving celebrities and fashion icons like the Kardashian sisters.  *Cf. Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1014-15 (7th Cir. 2005) (holding that "wind meter and club selection features … account for variables in real golf and so were indispensable to an accurate video representation of the game" and thus scenes a faire).  And when such a feature—even where expressive—is "as a practical matter … standard[] in the treatment of a given idea," it is "not protected by copyright" because it is scenes a faire.  *Frybarger*, 812 F.2d at 530 & n.3.  In considering motions to dismiss in copyright cases, courts often determine whether a feature or concept is scenes a faire as a matter of law, without reference to third-party works.  *See, e.g.*, *Shame On You*, 2015 WL 4885221, at *22-25; *DuckHole Inc.*, 2013 WL 5797279, at *6-8.  The court may accordingly rule here that the customization tool in Plaintiff's static slide presentation is scenes a faire as a matter of law.

1    Nonetheless, courts also are entitled to "take judicial notice of generic

2 elements of creative works," *Zella*, 529 F. Supp. 2d at 1129, and customization tools

3 are clearly generic elements of fashion-related video games[4] :

4

5

6

7

8        

9

10

11

12

13 Ex. E,

14

15

16

17

_____

18    [4] Even if the Court were to decline to take judicial notice of Exhibits E, F, G, H,

19 and I, which demonstrate that customization tools are ubiquitous in fashion-based
   video games, it should still consider whether the customization tool in Plaintiff's

20 slide presentation is scenes a faire as a mater of law. *See, e.g.*, *Zella*, 529 F. Supp.

21 2d at 1128-29, 1139 (declining to take judicial notice of "various specific
   [television] shows" but nonetheless determining that certain "elements of a

22 television show are common and prevalent in public works" and granting motion to
   dismiss copyright claim); *Capcom Co., Ltd. v. MKR Group, Inc.*, 2008 WL

23
   4661479, at *3-4, *6-7, *11 (N.D. Cal. Oct. 20, 2008) (declining to take judicial
24 notice of third-party works, but nonetheless filtering out unprotectable scenes a faire
   and granting motion to dismiss copyright claim); *see also Kennedy v. Paramount*

25 *Pictures Corp.*, 2013 WL 1285109, at *3-6 (S.D. Cal. March 27, 2013) (declining to

26 take judicial notice of filings in a separate action involving the same parties, but
   nonetheless granting motion to dismiss copyright claim).

27

28

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)

1

2

3

4

5

6

7

8



9  Ex. F,

10

11

12

13

14

15

16

17

18  Ex. G,

19

20

21

22

23

24

25

26



27  Ex. H,

28

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)

Ex. I.

Because customization of a character's appearance is standard in fashion-related games, to the extent Plaintiff's slide presentation depicts a customization tool, it is scenes a faire, and cannot demonstrate substantial similarity.

### (c)    Dialogue

"To show substantial similarity based on dialogue, a plaintiff must establish 'extended similarity of dialogue.'" *Shame On You Prods.*, 2015 WL 4885221, at *21 (quoting *Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1450 (9th Cir. 1988)). There is no dialogue in Plaintiff's static slide presentation from which Plaintiff could demonstrate any similarity, much less extended similarity, with the *Kim Kardashian: Hollywood* game.  Dialogue is a major feature of *Kim Kardshian: Hollywood*, which advances the plot, allows players to make professional and romantic contacts, and gain new tasks.  Ex. B (0:58-1:35, 4:14-4:48, 5:40-5:49). The dialogue in *Kim Kardashian: Hollywood* lacks any articulable similarity to Plaintiff's static slide presentation.

### (d)    Mood

Nor can Plaintiff demonstrate substantial similarity between mood in its slide presentation (there is none) and *Kim Kardashian: Hollywood*.  The game exhibits a hopeful, cheerful, ambitious, and playful mood.  *See generally* Ex. B.  None of these

1  characteristics are evident from Plaintiff's slide presentation.  Even if Plaintiff

2  argues that its slide presentation contained a similar mood, "[a] general mood that

3  flows 'naturally from unprotectable basic plot premises' is not entitled to

4  protection" because it is scenes a faire.  *Shame On You*, 2015 WL 4885221, at *22

5  (citing *Rice*, 330 F.3d at 1177).  Because this mood flows naturally from a

6  Kardashian-inspired game, Plaintiff is unable to establish substantial similarity

7  based on mood.

8                              **(e)    Setting**

9       The setting of the initial scenes of the *Kim Kardashian: Hollywood* game is

10  clearly Los Angeles.  The character's first apartment is in "Downtown LA," Ex. B

11  (1:41- 1:47), and bus stop destinations include Beverly Hills, Hollywood, LAX, and

12  Calabasas.  No location is identified in Plaintiff's slide presentation, but even if

13  Plaintiff could establish that its game concept involved Los Angeles, here again a

14  setting that "flows from [a] basic plot premise … constitutes scenes-a-faire and

15  cannot support a finding of substantial similarity."  *Cavalier*, 297 F.3d at 824.  Los

16  Angeles is the natural setting of a videogame involving members of a famous Los

17  Angeles family, and thus, Los Angeles is scenes a faire and could not establish

18  substantial similarity.  In addition to Los Angeles, gameplay in *Kim Kardashian:*

19  *Hollywood* also occurs in Miami, Las Vegas, New York, and a number of

20  international locations.  Ex. B (8:33-8:35).  Nothing in Plaintiff's slide presentation

21  even begins to suggest a similar variety of settings.

22       Although Plaintiff's static slide presentation and the *Kim Kardashian:*

23  *Hollywood* game both depict a clothing store, the clothing store in Plaintiff's static

24

25

26

27

28

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)

slide presentation is called "Dash," Ex. A at 8-9, and depicts a real store.[5]  Plaintiff's representation of the real clothing store "Dash," is unprotectable because "Dash" is not proprietary to Plaintiff, and separately because "no author may copyright facts." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985); *see Globe Int'l, Inc. v. Nat'l Enquirer, Inc.*, 1999 WL 727232, at *6 (C.D. Cal. Jan. 25, 1999) (copyright protection only extends to "those aspects of a work … that display the stamp of the author's originality" (internal quotation omitted)).

Moreover, while the *Kim Kardashian: Hollywood* game includes a plot-driven business called "Kardash," Ex B (8:45), where a player's character can work to earn money, there is no function of the "Dash" store in Plaintiff's static slide presentation.  Even ignoring this clear and obvious difference, a clothing store is a natural element of a videogame involving a family—like the Kardashians—that is famous in part for its connection to high fashion clothing, and both gameplay in a clothing store and using an alteration of the Kardashian name flow naturally from the basic idea of a Kardashian videogame, and are thus unprotectable scenes a faire. *See Cavalier*, 297 F.3d at 824; *Frybarger*, 812 F.2d at 530 & n.3; *Shame on You*, 2015 WL 4885221, at *23; *DuckHole Inc. v. NBC Univ. Media LLC*, 2013 WL 5797279, at *8 (C.D. Cal. Sept. 6, 2013); *Rosenfeld v. Twentieth Century Fox Film*, 2009 WL 212958, at *3 (C.D. Cal. Jan. 28, 2009) (setting "naturally associated" with a given idea is scenes a faire).

A separate clothing store in the *Kim Kardashian: Hollywood* game, "So Chic," underscores that a clothing store in a Kardashian-inspired game is a generic concept that flows naturally from the basic idea of such a game, and is thus unprotectable scenes a faire.  *See* Ex. B (0:59-1:11).  "So Chic" bears no

---

[5]  *See* https://shopdashonline.com/pages/west-hollywood.  Glu has requested that the Court take judicial notice of the "Dash" clothing store, located at 8420 Melrose Avenue, West Hollywood, CA 90069.

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)

resemblance to either "Dash" or "Kardash."  The clothing store in Plaintiff's static slide presentation, "Dash," has couches with zebra-print blankets, a computerized check-out, and the store name displayed prominently.  "So Chic" in the *Kim Kardashian: Hollywood* game has a black ottoman, a traditional cash register, and a prominent chandelier.  *Compare* Ex. A at 8 *with* Ex. B (0:30-0:56) (interiors); *compare* Ex. A at 18 *with* Ex. B (0:59-1:11) (exteriors).  In any event, irrespective of these obvious differences a clothing store setting flows from the basic premise of a Kardashian videogame, and thus may not demonstrate substantial similarity. *Cavalier*, 297 F.3d at 824.

### (f)     Pace

Plaintiff's static slide presentation has no pace.  Even if Plaintiff argues that it conveys the idea for pace, the pace of the *Kim Kardashian: Hollywood* game and Plaintiff's conceptual idea would be difficult to compare, and when one work contains "more characters, scenes, and dialogue" than another, the pace of the former "must of necessity be faster" than the latter.  *Shame On You*, 2015 WL 4885221, at *24.  The *Kim Kardashian: Hollywood* game plainly contains more characters, scenes, and dialogue than Plaintiff's static slide presentation and thus the game necessarily has a faster pace than whatever pace can be inferred from Plaintiff's static slide presentation.

Even assuming that Plaintiff's static slide presentation could have depicted a pace similar to the *Kim Kardashian: Hollywood* game, "similarities of pace that are common to a genre are insufficient to satisfy the extrinsic test."  *Shame On You*, 2015 WL 4885221, at *25 (citing *Olson*, 855 F.2d at 1451).  Games like *Kim Kardashian: Hollywood*, (and its predecessors *Stardom: The A-List* and *Stardom: Hollywood*), premised on climbing a social ladder to celebrity have a pace common to the genre.  Plaintiff is thus unable to demonstrate substantial similarity based on the "pace" of its slide presentation and that of *Kim Kardashian: Hollywood*.

1           **(g)**     **Characters**

2        Plaintiff also cannot demonstrate substantial similarity of characters as a

3 matter of law.  As explained above, the use of the Kardashian sisters' likenesses in

4 Plaintiff's static slide presentation are non-protectable, and therefore cannot be used

5 to demonstrate substantial similarity.

6        The major difference of characters in the *Kim Kardashian: Hollywood* game

7 and Plaintiff's static slide presentation is that the player in *Kim Kardashian:*

8 *Hollywood* plays as a character they create.  It appears from Plaintiff's static slide

9 presentation—to the extent any sort of gameplay can be inferred—that users would

10 control and customize the Kardashian sisters.  In addition, the *Kim Kardashian:*

11 *Hollywood* game contains hundreds of different characters with no analog in

12 Plaintiff's slide presentation.  For example, store owners (Ex. B (0:33-0:37)),

13 photographers (Ex. B (4:14-4:36)), paparazzi (Ex. B (6:47-7:06)), rival non-player

14 characters (Ex. B (7:56-8:19)), and romantic interests (Ex. B  (9:37-10:03)), all play

15 roles in the *Kim Kardashian: Hollywood* game.  Nothing in Plaintiff's static slide

16 presentation encompasses such a broad range of characters.  Plaintiff is thus unable

17 to demonstrate substantial similarity of characters.

18           **(h)**     **Sequence of Events**

19        The sequence of events in the *Kim Kardashian: Hollywood* game can be

20 changed by the player.  In many situations, the player chooses what his or her

21 character will do next, including what to say, where to go, and whether to "network"

22 or "flirt" with a non-player character.  *See, e.g.*, Ex. B (1:00, 1:04, 3:53, 8:34, 9:16-

23 9:17).  Nothing in Plaintiff's slide presentation suggests any sequence of events,

24 much less a similarly detailed, user-controlled sequence of events.  There is simply

25 no similarity between the *Kim Kardashian: Hollywood* game sequence of events and

26 anything in Plaintiff's static slide presentation.

27

28

1      Nor is Plaintiff able to demonstrate substantial similarity—relating to

2  "sequence of events" or otherwise—based on the scoring system depicted in its slide

3  presentation and that in *Kim Kardashian: Hollywood* game.  The slide presentation

4  shows four bars at the top of the screen apparently using a diamond, lips, a lightning

5  bolt, and a star to track the user's progress.  *See* Ex A. at 10, 11.  The *Kim*

6  *Kardashian: Hollywood* game includes progress bars, but uses only three:  a

7  lightning bolt, a stack of dollar bills, and a silver star with the letter "K" in the

8  middle.  *See, e.g.*, Ex. B (3:21).  Video game scoring systems of this sort are scenes

9  a faire.  *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 617 (7th

10  Cir. 1982).  In *Atari*, for example, the Seventh Circuit determined that "the use of

11  dots [in *PAC-MAN*] provides a means by which a player's performance can be

12  gauged and rewarded with the appropriate number of points, and by which to inform

13  the player of his or her progress," and thus held that PAC-MAN's scoring system

14  was scenes a faire.  *Id.*

15      Similarly, in *Data East*, the Ninth Circuit considered two karate videogames

16  and concluded that "the method of scorekeeping, though similar, is

17  inconsequential," where the vast majority of similarities between the games were—

18  as here—not protectable because "they necessarily flow[ed] from the *idea* of a

19  martial arts karate combat game."   862 F.2d at 209 (similarities in videogames'

20  scorekeeping "inconsequential").  As in *Atari* and *Data East*, the scoring system

21  depicted in plaintiff's static slide presentation is scenes a faire, and thus cannot

22  demonstrate substantial similarity.

23      In sum, Plaintiff's copyrighted work exhibits none of the features required for

24  a proper application of the extrinsic test.  Whatever arguable similarities there are

25  between Plaintiff's static slide presentation and the *Kim Kardashian: Hollywood*

26  game, those similarities are outweighed by the obvious differences between the

27  works, *see Shame on You*, 2015 WL 4885221, at *31 (citing cases); *Gilbert*, 2010

28

-22-

WL 5790628, at *9 ("Removing these irrelevant similarities from the Court's consideration, the remaining similarities are insufficient to overcome the differences in order to satisfy the extrinsic test."), or stem from nonprotectable ideas, Kim Kardashian's likeness, and/or scenes a faire.  Plaintiff is unable to satisfy the extrinsic test as a matter of law, and its copyright claim should therefore be dismissed.

## II.  JUST GAMES' COPYRIGHT CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE AMENDMENT WOULD BE FUTILE

Dismissal of Plaintiff's copyright claim should be with prejudice, because no amendment to the complaint could change the expressive content of Plaintiff's slide presentation.  *See, e.g.*, *Shame On You*, 2015 WL 4885221, at *32, *33 (dismissing plaintiff's copyright claim for lack of substantial similarity with prejudice because amendment would be futile); *DuckHole Inc.*, 2013 WL 5797279, at *9 (dismissing copyright claim for lack of substantial similarity with prejudice because "no amendment could cure its deficiencies"); *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1116 (N.D. Cal. 2010) (granting motion to dismiss with prejudice because lack of substantial similarity "cannot be cured by amendment"); *Zella*, 529 F. Supp. 2d at 1139 (dismissing copyright claim for lack of substantial similarity with prejudice).  The extrinsic test for substantial similarity is "an objective comparison of *specific expressive elements*" of two works, and consequently, Plaintiff's ability to demonstrate substantial similarity is limited by the expressive elements in its static slide presentation.  *Cavalier*, 297 F.3d at 822 (emphasis added).

No degree of elaboration on the allegations in Plaintiff's complaint—or discovery—could give Plaintiff copyright protection beyond what it has purported to register.  Plaintiff's allegation that it "conceiv[ed] in detail how such a game might work [and] what gameplay might be like, Compl. ¶ 14, is immaterial, since those details are not apparent from the static slide presentation nor protectable under copyright law.  *Cf. Campbell*, 718 F. Supp. 2d at 1116; *Capcom*, 2008 WL 4661479,

-23-

at *11.  For the same reason, Plaintiff's allegation that it shared with Siegrist additional, "more detailed thoughts about the *concept* for the gameplay and integration into social and mobile media platforms," Compl. ¶ 17 (italics added), is also inconsequential.  Because the defect in Plaintiff's copyright claim is rooted in the content of its static slide presentation—the copyrighted work—amendment of the complaint would be futile and Plaintiff's copyright claim should be dismissed with prejudice.  *See Capcom*, 2008 WL 4661479, at *11.

## Conclusion

For all the foregoing reasons, Glu respectfully requests that the Court dismiss Plaintiff's First Cause of Action for Direct Copyright Infringement against Glu with prejudice.

DATED: January 27, 2016          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Claude M. Stern*
    Claude M. Stern
    *Attorney for Defendant GLU MOBILE INC.*

DEFENDANT GLU MOBILE INC.'S MOTION TO DISMISS
PLAINTIFF'S COPYRIGHT CLAIM PURSUANT TO RULE 12(b)(6)